413 So.2d 800 (1982)
Omar P. HAMLEN, Appellant,
v.
FAIRCHILD INDUSTRIES, INC., Appellee.
No. AG-415.
District Court of Appeal of Florida, First District.
April 15, 1982.
Rehearing Denied May 24, 1982.
James M. Wilson of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Joseph D. Lorenz and Jack R. Heflin of Lorenz, Lungstrum & Heflin, Fort Walton Beach, for appellee.
ERVIN, Judge.
In this appeal from a judgment on the pleadings, we affirm that portion of the lower court's determination, finding that appellant and plaintiff below, Omar P. Hamlen, could not maintain an action against appellee and his employer, Fairchild Industries, Inc., for breach of an oral contract promising to provide him permanent employment. We reverse, however, the judgment to the extent that it bars Hamlen's action charging a tortious, fraudulent misrepresentation of the employment contract.
Hamlen's complaint alleges that he was formerly employed by Westinghouse in a specialized position as a quality control technician in non-destructive testing of metal compounds; that agents of appellee and defendant, Fairchild Industries, Inc., induced Hamlen to terminate employment with Westinghouse, thereby causing him to forego his rights to retirement and related benefits; that the inducement was in the form of a promise of permanent employment *801 at Fairchild; that at the time of the inducement Fairchild secretly had no intention of giving Hamlen a permanent position; that Hamlen was laid off after working for Fairchild for a short period; that he has since been unable to obtain work with either Westinghouse or Fairchild, and that he relied upon this misrepresentation to his detriment, thereby causing damages, both compensatory and punitive.
The propriety of the action based on the alleged breach of the oral contract is controlled by this court's opinion in Russell & Axon v. Handshoe, 176 So.2d 909 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 317 (Fla. 1966), wherein we precluded a former employee from suing an employer under such a theory. Although Russell & Axon involved a written contract of employment  not as here an oral contract  it is nevertheless applicable, because both contracts allegedly promised "permanent" employment. Quoting Orsini v. Trojan Steel Corp., 219 S.C. 272, 64 S.E.2d 878, 880 (1951), with approval, the First District observed that permanent employment means "`a steady job, a position of some permanence.'" Id. at 916. Yet, notwithstanding the element of permanence, the court continued that in the absence of an agreement for employment for a fixed term or duration, a contract for permanent employment usually refers to "`an indefinite general hiring, terminable at will.'" Id. Hamlen's complaint fails on this basis, because he has alleged that the contract is one for permanent work, which constitutes an indefinite hiring. Indefinite terms of employment are recognized as instances in which "either party for any reason may terminate it [the employment] at any time and no action may be maintained for breach of the employment contract." De Marco v. Publix Super Markets, Inc., 360 So.2d 134, 136 (Fla. 3d DCA 1978), aff'd., 384 So.2d 1253 (Fla. 1980).
The complaint before us is also deficient in that it lacks any mutuality of obligation. Once again, reference to Russell & Axon is instructive. The court expressed its concern about the lack of mutuality of a contract, which had sought to bind the employer, but not the employee, in the following terms:
It cannot be reasonably contended that the contract of employment in this case is such that the employer could require the employee to remain in the service of the company for any fixed period of time, whether one year or longer, if the employee elected to terminate his employment. This being true, the contract is so lacking in mutuality of obligation as to render it invalid.
Russell & Axon, supra, at 916. We believe that the contract alleged in the appellant's complaint  silent as to any conditions affecting Hamlen's right to terminate  suffers from a similar lack of mutuality of obligation. See generally, 11 Fla.Jur.2d, Contracts, § 15 (1979). Therefore, we affirm the judgment on the pleadings as it relates to appellant's action for breach of an employment contract.
Appellant's complaint alleges also that Fairchild Industries made fraudulent misrepresentations in guaranteeing him permanent employment. An action for damages based upon a fraudulent misrepresentation sounds, of course, in tort; therefore our disposition of the action in contract is legally distinct from the tort issue. To state a viable cause of action under such a theory, the five following elements must be present:
(1) A false statement of fact; (2) known by the defendant to be false at the time is [sic] was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff.
Vance v. Indian Hammock Hunt & Riding Club, 403 So.2d 1367, 1371, n. 7 (Fla. 4th DCA 1981); Poliakoff v. National Emblem Insurance Co., 249 So.2d 477 (Fla. 3d DCA 1971), cert. denied, 254 So.2d 790 (Fla.). Appellant's pleadings sufficiently allege each of these five points.
Fairchild argues that an employer's false promise to a prospective employee regarding future acts, such as the right to permanent *802 employment secure from conditions such as layoffs, is merely promissory in nature and relates to a future act, and even if the promise is coupled with a present intent not to perform, such a situation is not actionable, citing to Godwin v. Dinkler St. Louis Management Corp., 419 S.W.2d 70 (Mo. 1967); Woods v. Scott, 107 Vt. 249, 178 A. 886 (1935); 37 Am.Jur.2d, Fraud and Deceit, §§ 60-63; 72 (1968).
This position is not applicable, however, to the instant case. Although Florida courts acknowledge the general rule of law that the fraud alleged must refer to a present or existing fact, "the cases recognize an exception where the promise to perform a material matter in the future is made without any intention of performing or made with the positive intention not to perform." Vance, supra, at 1372; see also 27 Fla.Jur.2d, Fraud and Deceit, § 25 (1981). Actually, this principle is not so much an exception to the general rule that the misrepresentation must be of a past or present fact, as it is a recognition that a misstatement of a material and subsisting fact of the promisor's intentions in regard to performance may be actionable under the modern theory. 37 Am.Jur.2d, Fraud and Deceit, § 68 nn. 6-7 (1968).
Therefore, in regard to actions in tort, alleging a fraudulent misrepresentation as to the prospect of permanent employment, Florida has aligned itself with the apparent majority view that a fraudulent misrepresentation to offer an individual a permanent job, coupled with the nonintent to perform, is actionable.[1] We consider that the allegations of the complaint, fairly interpreted, fall within the above category.
The judgment on the pleadings for the appellee is REVERSED in regard to the tort action sounding in fraudulent misrepresentation, and AFFIRMED in regard to the breach of employment contract action.[2]
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] For other cases in this regard, see Employer's Misrepresentation As To Prospect, or Duration, of Employment As Actionable Fraud, 24 A.L.R.3d 1412, § 5 (1969).
[2] We consider it important to note that although the defendant below affirmatively defended on the basis of the statute of frauds, this defense was not argued on appeal as a theory on which the judgment should be affirmed. Consequently, our opinion does not address the issue raised in the answer.