585 So.2d 290 (1991)
C & J SAPP PUBLISHING COMPANY, Appellant,
v.
TANDY CORPORATION and First Leasing & Funding of Florida, Appellees.
Nos. 89-01726, 90-00201.
District Court of Appeal of Florida, Second District.
April 19, 1991.
*291 John Charles Coleman of Coleman & Coleman, Fort Myers, for appellant.
Craig P. Clendinen and Michael A. Raffanti of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellee, Tandy Corp.
Michael R. Whitt of Law Office of Kevin F. Jursinski, Fort Myers, for appellee, First Leasing & Funding of Florida.
SCHOONOVER, Chief Judge.
The appellant, C & J Sapp Publishing Company (Sapp), challenges several orders entered in favor of the appellees, Tandy Corporation (Tandy) and First Leasing and Funding of Florida (First Leasing). The appellant also challenges a final summary judgment in favor of First Leasing and a partial summary judgment in favor of Tandy. We affirm in part and reverse in part.
This dispute arose out of Sapp's purchase of a computer system in 1983. The appellant contends that Chris and Jean Sapp visited the Tandy store in Fort Myers and requested assistance in selecting a computer system that would fit their company's needs and serve the purposes for which the system was to be purchased. The Sapps informed Tandy that they desired new rather than used equipment. Tandy's sales representatives advised the Sapps that certain equipment would meet their company's needs, and pursuant to Tandy's suggestion, the equipment was leased to Sapp through First Leasing. Sapp also contends that neither Tandy nor First Leasing ever advised Sapp that any part of the computer system itself was not new, and an external inspection did not reveal that the system was not new.
In July 1986, while a Tandy employee was working on the system, Sapp discovered, through repair stickers on the inside of the computer, that important parts of the computer system were used and had been the subject of maintenance as early as 1980.
Sapp subsequently filed a multicount complaint against the appellees. In its last amended complaint, Sapp sought relief on the grounds of fraud, negligent misrepresentation, breach of warranty of merchantability, breach of warranty by description, and breach of contract. First Leasing filed a cross-complaint against Tandy alleging that Tandy delivered used equipment when new equipment had been paid for and it filed a counterclaim against Sapp alleging that Sapp had breached the lease between the parties.
The trial court, after several years of pretrial practice, entered many orders and judgments which are the subject of this consolidated appeal. The court first struck Sapp's claim for punitive damages and dismissed its fraud count with prejudice. It then granted First Leasing's motions for summary judgment on Sapp's remaining claims and on its counterclaim and entered summary judgments in those matters, together with orders taxing costs and attorney's fees. The trial court also granted Tandy's motion for summary judgment, and entered a partial summary judgment and an order assessing attorney's fees in that matter. Sapp filed timely notices of appeal from the above orders and judgments, and these appeals were subsequently consolidated by this court.
We find no merit in any of the appellant's contentions in regard to its appeal involving First Leasing and, accordingly, affirm, without discussion, the judgment entered in favor of First Leasing and the order awarding it costs and attorney's fees.
Although Sapp appealed the summary judgment entered in favor of Tandy, including the counts for breach of warranty and breach of contract, Sapp's counsel specifically abandoned argument on these counts, and we, therefore, affirm the trial court's rulings on breach of warranty and contract. Sapp contends, however, that the court erred by dismissing its fraud claim, striking its claim for punitive damages, awarding attorney's fees to Tandy, and granting a summary judgment in favor of Tandy on its claim for negligent misrepresentation.
*292 We agree with the appellant's contention that it alleged a cause of action for fraud against Tandy. In order to state a cause of action, a complaint need only contain a short and plain statement of the ultimate facts which indicate the pleader is entitled to relief. Fla.R.Civ.P. 1.110(b). In determining whether a complaint meets the requirements of this rule, we must strictly confine ourselves to the four corners of the complaint. We must also assume that all of the facts alleged are true and draw all reasonable inferences in favor of the pleader. Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988).
In order to state a cause of action for fraud, a complaint must allege: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. Lance v. Wade, 457 So.2d 1008 (Fla. 1984). Considering the fraud count in a light most favorable to Sapp and drawing all reasonable inferences in favor of Sapp, we find that the complaint contains sufficient allegations to state a cause of action for fraud. Lance. Accordingly, we find that the trial court erred by dismissing the fraud count.
The trial court also erred in striking Sapp's claim for punitive damages, and upon remand, the claim should be reinstated. Allegations that a defendant's actions in perpetrating a fraud were willful and wanton are sufficient to plead an adequate predicate for punitive damages. Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986).
We also agree with Sapp's contention that the trial court erred in granting a summary judgment in favor of Tandy on Sapp's negligent misrepresentation claim. In its motion for summary judgment on this count of Sapp's complaint, Tandy contended that Sapp failed to plead damages different from those suffered from the alleged breach of contract and, therefore, could not maintain a tort claim. Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986) (where the compensatory damages sought for a tort are identical to the compensatory damages sought for breach of contract, compensatory damages and punitive damages for the tort are not recoverable). Since the appellant seeks general relief on this claim, and not specific dollar amounts, it would be premature to preclude proof of differentiated damages and a summary judgment on this basis is improper at this stage of the proceedings. Burton v. Linotype Co., 556 So.2d 1126 (Fla. 3d DCA 1989).
Tandy's motion for summary judgment also alleged that there was no representation relied upon by Sapp and, therefore, there was no disputed issue of material fact. We disagree with Tandy's position in this regard. In order to recover for negligent misrepresentation, a plaintiff must establish: (1) a misrepresentation of a material fact; (2) knowledge by the representor as to the truth or falsity of the representation, or that the representation was made under circumstances in which he ought to have known of its falsity; (3) intent by the representor that the representation induce another to act on it; and (4) injury to the plaintiff as a result of acting in justifiable reliance on the misrepresentation. Atlantic Nat'l Bank v. Vest, 480 So.2d 1328 (Fla. 2d DCA 1985).
If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, the summary judgment is improper. Young v. Johnson, 538 So.2d 1387 (Fla. 2d DCA 1989). Although the deposition and answers to interrogatories are inconsistent, there is sufficient evidence to reveal a genuine issue of material fact as to whether a misrepresentation was made to the appellant. The trial court, therefore, erred in granting a summary judgment in favor of Tandy.
In view of this opinion, we also reverse the order awarding Tandy attorney's fees and costs, without prejudice to the reconsideration of Tandy's motion for attorney's *293 fees and costs at the conclusion of this matter.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL and HALL, JJ., concur.