Jerome S. GOLDEN, Plaintiff,

v.

COMPLETE HOLDINGS, INC., Complete Machinery & Equipment Company, Inc., and Complete Dewatering, Inc., f/k/a Porta Flex, Inc., d/b/a Complete Wellpoint, Defendants.

No. 92–1089–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 8, 1993.

James D. Keeney, Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, FL, for plaintiff.

Harrison Coffin Thompson, Jr., Thompson, Sizemore & Gonzalez, Mark A. Hanley, Gregory Alan Hearing, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

## *ORDER ON MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This cause is before the court on Defendants' motion to dismiss Counts III, IV, V and VI of Plaintiff's Amended Complaint, filed January 19, 1993, and response thereto, filed February 15, 1993.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–47, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The amended complaint was filed in this cause of action on or about November 24, 1992. The amended complaint alleges the following:

1. Plaintiff was employed by the Defendants in various capacities for a total of twenty-seven (27) non-continuous years. Complete Machinery originally hired Plaintiff, in 1948, as a clerk, then, in 1950, as dispatcher, and then in 1979 as General Manager of its Complete Wellpoint Division.

2. In August 1989, a controlling interest in the Defendant Complete Machinery was sold to Defendant Complete Holdings and/or Complete Dewatering.

3. In order to induce Plaintiff to continue working for the Defendants, an agent of each Defendant promised Plaintiff that "absolutely no changes would be made" that could adversely affect his job security. Plaintiff was also given a raise of two hundred and fifty dollars ($250) a week and Defendants promised Plaintiff that other raises would be forthcoming.

4. Thereafter, the new Board of Directors for Complete Machinery allegedly took a series of actions evincing age discrimination against its older employees, including Plaintiff. A total of at least eight employees were allegedly terminated because of age.

5. In July, 1990, the President and CEO of Complete Machinery, T.S. Mogle, demanded that Plaintiff take a two hundred and fifty dollar ($250) per week salary cut in exchange for a one percent (1%) commission on sales and rentals. This was allegedly an apparent attempt to humiliate Plaintiff into resignation, but Plaintiff accepted the salary cut.

6. On August 3, 1990, Plaintiff was summarily discharged. Mogle told Plaintiff that his discharge was part of "building a young organization."

The amended complaint contained the following counts: 1) violation of 29 U.S.C. § 626(b) and (c) of the Age Discrimination in Employment Act of 1967; 2) violation of the Employee Retirement Income Security Act of 1974; 3) negligent misrepresentation; 4) promissory estoppel; 5) fraudulent misrepresentation; and 6) outrageous conduct. Defendants move to dismiss only the pendant state claims, Counts III, IV, V and VI.

DEFENDANTS' EMPLOYMENT–AT–WILL ARGUMENT:

■ Defendants move that Counts III, IV and V of Plaintiff's amended complaint should be dismissed because Plaintiff was an employee-at-will and under Florida law, could be terminated for good reason, bad reason or no reason at all. Defendants argue, at page 3 of their memorandum, that "faced with Florida's long established precedent to the employment-at-will doctrine,

Plaintiff has attempted to allege various other common law theories of recovery for termination of his employment." In support of their argument, defendants cite *Crawford v. David Shapiro & Co., P.A.,* 490 So.2d 993 (Fla. 3d DCA1986) which states the established rule: "where there is no provision for the duration of employment, the employment contract is terminable at will of either party, and ... a party to the terminable-at-will employment contract ordinarily has no cause of action for the other party's decision to terminate the employment relationship." *Id* at 996.

Although Defendants are correct in their assertion that the employment-at-will doctrine is the law in Florida, they nonetheless misinterpret that long standing rule's interpretation in this case. The *Crawford* decision states, at page 995: "Although not explicitly stated in his complaint, it is clear that Crawford was proceeding under a *contract theory.*" (emphasis added) In the case now before the Court, Plaintiff is not proceeding under a breach of contract theory but seeks instead to maintain causes of action for negligent misrepresentation, promissory estoppel and fraudulent misrepresentation. In that none of the Plaintiff's allegations are based upon a breach of contract theory, *Crawford* is clearly distinguishable from the case before the Court.

Defendants cite numerous Florida cases that have applied the employment-at-will doctrine to dismiss claims by plaintiffs and argue that they should control in this situation. However, the cases referred to by the Defendants involve claims predicated on a breach of contract theory. That line of cases stands for the proposition that the mere forbearance of additional employment is insufficient consideration to make an oral promise of indefinite employment an enforceable contract. Quoting the language from *DeMarco v. Publix Super Markets, Inc.,* 360 So.2d 134 (Fla. 3d DCA1978), which was cited by Defendants: "[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained *for breach of the employment contract.*" (emphasis added) *Id.* at 136.

In the present case, Plaintiff is not alleging a breach of contract, nor is he asking the court to create an exception to employment-at-will doctrine by adopting a "new tort theory" as was the case in *Hartley v. Ocean Reef Club, Inc.,* 476 So2d 1327 (Fla. 3d DCA1985). In Counts III, IV and V of his amended complaint, Plaintiff alleges three separate, recognized causes of action for negligent misrepresentation, promissory estoppel and fraudulent misrepresentation. Plaintiff has not alleged that his forbearance of additional employment constituted consideration for an enforceable contract. Plaintiff makes reference to his forbearance for the sole purpose of establishing his justifiable reliance on the Defendants' promises or representations. Such forbearance is a required element, under Florida law, for each of the claims alleged by Plaintiff in Counts III, IV and V of his amended complaint.

Defendants' general argument that this Court should dismiss Counts III, IV and V of Plaintiff's amended complaint on the basis of the employment-at-will doctrine is unfounded in the present case.

COUNT III—NEGLIGENT MISREPRESENTATION:

Defendants move the Court to dismiss Plaintiff's claim for negligent misrepresentation, again, on the ground that the Plaintiff's forbearance of additional employment is insufficient consideration to remove him from the ambit of the employment-at-will doctrine. However, as discussed *supra,* the employment-at-will doctrine is misapplied by Defendants in this case due to the fact that Plaintiff has not alleged a cause of action for breach of contract. The cases cited by Defendants, *Hesston Corp. v. Roche,* 599 So.2d 148 (Fla. 5th DCA1992) and *Hope v. National Airlines, Inc.,* 99 So.2d 244 (Fla. 3d DCA1957) involve actions for wrongful discharge and breach of oral employment contract, respectively, rather than a claim for negligent misrepresentation as Plaintiff has asserted in this case.

Another case relied upon by Defendants, *Hamlen v. Fairchild Indus., Inc.,* 413 So.2d 800 (Fla. 1st DCA1982), held that an employee could not maintain an action for breach of an oral contract against his employer due to the employment-at-will doctrine. However, *Hamlen* involved an additional claim for

fraudulent misrepresentation which the court—in this case cited by the defendants—ruled was *actionable*. In *Hamlen*, the court stated: "An action for damages based upon a fraudulent misrepresentation sounds, of course, in tort; therefore our disposition of the action in contract is legally distinct from the tort issue." *Id.* at 801. The *Hamlen* court went on to state that although forbearance of employment does not support enforcing an oral contract, a cause of action in tort for fraudulent misrepresentation could nonetheless be maintained. *Id.* at 802.

■ A claim for negligent misrepresentation also sounds in tort, removing such a claim from the ambit of the employment-at-will doctrine. Under Florida law, in order to state a viable cause of action for negligent misrepresentation the following four elements must be present: 1) a misrepresentation of material fact; 2) knowledge by the representor as to the truth or falsity of the representation, or that the representation was made under circumstances in which the representor ought to have known of its falsity; 3) intent by the representor that the representation induce another to act on it; and 4) injury to the plaintiff as a result of acting in justifiable reliance on the misrepresentation. *C & J Sapp Publishing Co. v. Tandy Corp.*, 585 So.2d 290, 292 (Fla. 2nd DCA1991).

Within these elements there is no requirement that Plaintiff demonstrate that the Defendants breached a pre-existing duty to disclose information, as Defendants argue at page 4 of their memorandum. Plaintiff is required only to prove up each of the four elements above to satisfactorily maintain a cause of action for negligent misrepresentation. Under the facts alleged in Plaintiff's amended complaint, it is this Court's considered opinion that Plaintiff has satisfied all necessary elements to state a viable cause of action.

## COUNT IV—PROMISSORY ESTOPPEL

The law in Florida, with respect to the doctrine of promissory estoppel, was stated in *Mt. Sinai Hospital of Greater Miami, Inc. v. Jordan*, 290 So.2d 484 (Fla.1974). Although the Florida Supreme Court did not apply the doctrine of promissory estoppel to enforce a promise under the facts of *Mt.*

*Sinai*, the court did endorse promissory estoppel as a viable cause of action and it set out the applicable requirements. The *Mt. Sinai* decision, the most recent by the Florida Supreme Court on the subject of promissory estoppel, states: "For the doctrine of promissory estoppel to be applicable, the promisor must make a promise which he should reasonably expect to induce action or forbearance of a substantial character on the part of the promisee ..." *Id.* at 486.

Defendants argue that Plaintiff's claim for promissory estoppel should be dismissed due to the fact that Plaintiff's reliance on Defendants' promises amounted to "nothing more than mere expectations of continued employment" and that such a claim is barred by the employment-at-will doctrine. As discussed *supra*, Defendants misapply the employment-at-will doctrine in this instance as well. Plaintiff has not alleged a breach of an oral employment contract or wrongful discharge; rather, Plaintiff has asserted a claim under the established doctrine of promissory estoppel. Such a claim is not barred by the employment-at-will doctrine.

Under the elements of promissory estoppel, as stated in *Mt. Sinai*, it is this Court's considered opinion that the allegations in Plaintiff's amended complaint satisfy the requirements for a viable cause of action for promissory estoppel.

## COUNT V—FRAUDULENT MISREPRESENTATION

■ Defendants concede, at page 1498 of their memorandum, that under current Florida law an employee can sue an employer for fraudulent misrepresentations made by the employer in entering into the employment relationship. The Florida Supreme Court has stated that the required elements of a cause of action for fraudulent misrepresentation are: 1) a false statement concerning a material fact; 2) the representor's knowledge that the representation is false; 3) an intention that the representation induce another to act on it; and 4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So.2d 625, 627 (Fla.1985).

Plaintiff cites several Florida cases which uphold the application of a cause of action for

fraudulent misrepresentation to the employer-employee situation. One case cited and discussed by Plaintiff, *Telesphere International v. Scollin*, 489 So.2d 1152 (Fla. 3rd DCA1986), is directly on point. Defendants ask this Court to ignore the majority view in this area of law, which has been adopted by the Florida courts, and adopt instead the minority position: that an employer cannot be guilty of fraudulent misrepresentation to an employee regarding the right to permanent employment.

After due consideration, this Court rejects the Defendants' argument that the minority view is a sounder policy, and adheres instead to the majority Florida rule. The allegations in Plaintiff's amended complaint satisfy the requirements, under Florida law, for a cause of action for fraudulent misrepresentation.

## COUNT VI—OUTRAGEOUS CONDUCT

 In Count VI of his amended complaint, Plaintiff alleges a cause of action for "outrageous conduct" or intentional infliction of emotional distress on the grounds that the Defendants committed the following acts: misrepresented and concealed vital financial information, misrepresented their plans to reduce employment, induced Plaintiff to forego other employment opportunities, terminated Plaintiff despite his satisfactory performance, systematically eliminated older employees, including the Plaintiff, replaced Plaintiff and other employees with younger persons, discharged Plaintiff without warning, ejected him from his office without giving him an opportunity to collect his personal effects (which Defendants' destroyed), and refused for months to pay Plaintiff severance pay and other entitlements.

 Under applicable Florida law, in order to state a cause of action for intentional infliction of emotional distress the plaintiff must demonstrate: 1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe. *Metropolitan Life Insurance Co. v. McCarson*, 467 So.2d 277, 278 (Fla.1985). As stated in *McCarson*, the conduct by a defendant must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regard-

ed as atrocious, and utterly intolerable in a civilized community." *Id.* at 278–279.

Although there is no definitive example of what constitutes "outrageous conduct" for the purposes of maintaining a cause of action for intentional infliction of emotional distress, Florida case law on the subject has evinced a comparatively high standard. As noted by Defendants in their memorandum, Florida courts have consistently rejected claims for intentional infliction of emotional distress relating to sexual harassment, intentional age discrimination and verbal abuse in the employment context.

Two cases cited by Defendants, *Lay v. Roux Laboratories, Inc.*, 379 So.2d 451 (Fla. 1st DCA1980) and *Scheller v. American Medical Intern., Inc.*, 502 So.2d 1268 (Fla. 4th DCA1987), both involved claims by an employee against an employer for intentional infliction of emotional distress. In *Lay* it was held that the plaintiff failed to state a cause of action where the basis for her complaint was her employer's threats of terminating the plaintiff and use of humiliating language, including vicious verbal attacks and racial epithets, toward the plaintiff. In *Scheller*, a hospital's ostracizing of a pathologist by excluding him from social affairs, falsely accusing him of theft, prohibiting him from conversing with the laboratory personnel, and publishing false income information about him was held insufficiently "outrageous" to sustain a cause of action for intentional infliction of emotional distress.

It is evident from the Florida case law on this subject that conduct must be exceeding outrageous and reprehensible in order to form the basis for a claim of intentional infliction of emotional distress. Plaintiff has failed to cite any Florida case which demonstrates conduct sufficiently "outrageous" to satisfy the requirements under *McCarson*. Although Plaintiff attempts, in his answer, to distinguish the Florida cases discussed above on the grounds that the present case involves factually different conduct, this Court does not find Plaintiff's argument persuasive.

 Under Florida law, whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court*, not a question of

fact. *Baker v. Florida National Bank,* 559 So.2d 284, 287 (Fla. 4th DCA1990), *rev. denied,* 570 So.2d 1303 (Fla.1990). In both the *Lay* and *Scheller* cases the reprehensible conduct of the defendant was determined, as a matter of law, not to be sufficiently outrageous to allow recovery for intentional infliction of emotional distress.

Although Plaintiff would have this Court look to the law in other jurisdictions in determining whether the Plaintiff has stated a sufficient basis for an "outrageous conduct" claim, the law in Florida is both clear and persuasive on the subject. It is this Court's considered opinion that the alleged conduct does not rise to level of outrageousness as required by *McCarson.* The allegations are, therefore, an insufficient predicate to state a cause of action for intentional infliction of emotional distress or "outrageous conduct." Accordingly, it is

**ORDERED** that the motion to dismiss Count III, the cause of action for negligent misrepresentation, be **denied;** the motion to dismiss Count IV, the cause of action for promissory estoppel, be **denied;** the motion to dismiss Count V, the cause of action for fraudulent misrepresentation, be **denied;** and the motion to dismiss Count VI, the cause of action for "outrageous conduct," be **granted.**

**DONE** and **ORDERED.**