PER CURIAM.
Patrick and Deborah Stephenson (the Ste-phensons) appeal the trial court’s order dismissing their amended third party complaint against Frank Grillo (Grillo) with prejudice. The Stephensons’ amended third party complaint consisted of three counts sounding in fraud (Count I), negligent misrepresentation (Count II), and indemnification (Count III). The allegations contained in Counts I and II are sufficient to state a cause of action for fraud and negligent misrepresentation. See C & J Sapp Publishing Co. v. Tandy Corp., 585 So.2d 290, 292 (Fla. 2nd DCA 1991) (fraud); Atlantic National Bank of Florida v. Vest, 480 So.2d 1328, 1331 (Fla. 2d DCA 1985) (negligent misrepresentation). Accordingly, we reverse and remand for further proceedings on Counts I and II. However, we affirm the trial court’s order dismissing Count III because the Stephensons failed to state a cause of action for indemnification. See Atlantic National Bank of Florida v. Vest, 480 So.2d 1328, 1331 n. 2 (Fla. 2d DCA 1985).
In Count III of the amended third party complaint, the Stephensons alleged that Gril-lo’s wrongful acts of fraud and misrepresentation in connection with a home they purchased from Grillo’s employer, Citicorp, subjected Grillo to liability for indemnification. However, Citicorp was injured by the Ste-phensons’ nonpayment of the mortgage and not by Grillo’s alleged breach of duty toward the Stephensons. Accordingly, these allegations do not satisfy the Vest element requiring the plaintiff’s injury to be a result of the indemnitor’s breach of duty to the indemni-tee. Therefore, the trial court properly dismissed Count III.
Accordingly, we reverse Counts I and II and remand for further proceedings. We affirm the trial court’s judgment on Count III.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, C.J., and GUNTHER and STEVENSON, JJ., concur.