**Victoria PATTERSON, Plaintiff,**

**v.**

**DOWNTOWN MEDICAL AND DIAGNOSTIC CENTER, INC., Defendant.**

**No. 94–960–CIV–T–17(A).**

United States District Court, M.D. Florida, Tampa Division.

Oct. 25, 1994.

David John Linesch, The Linesch Firm, P.A., Palm Harbor, FL, for plaintiff.

Robert G. Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for defendant.

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant, DOWNTOWN MEDICAL AND DIAGNOSTIC CENTER's, Motion to Dismiss Plaintiff, VICTORIA PATTERSON's, Complaint and Amended Complaint filed July 11, 1994 and August 15, 1994, respectively (Docket No. 3) and Plaintiff's response thereto, filed August 23, 1994.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–47, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957). This Court must accept Plaintiff's well-pleaded facts as true, and construe the Complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417 (7th Cir.1994).

Plaintiff's Amended Complaint contained the following counts: 1) violation of 42 U.S.C. § 12101 *et seq.* of the Americans With Disabilities Act (ADA); 2) violation of sections 448.101–105, Florida Statutes (1991) of the Florida Whistle-blower's Act; 3) false imprisonment; 4) defamation; 5) intentional infliction of emotional distress; and 6) misrepresentation. Defendant moves to dismiss claims I and III—VI, and moves to strike a portion of claim II.

### COUNT I—ADA CLAIM

The ADA prohibits discrimination against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other privileges of employment." 42 U.S.C. § 12112(a). The ADA further defines a "qualified individual" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such an individual holds or desires." 42 U.S.C. § 12111(8).

Thus, to state a prima facie case of discriminatory discharge in violation of the ADA, Plaintiff must allege that she:

1. suffers from a disability;
2. is otherwise qualified to perform the essential functions of the employment, with or without reasonable accommodations; and
3. suffers discrimination because of the disability.

Though Plaintiff alleged the above requirements in her Amended Complaint, Defendant moves to dismiss Count I on the grounds that Plaintiff failed to allege that her disability was permanent. However, the definition of "disability" does not require permanency. The ADA defines "disability" as:

A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

B) a record of such an impairment, or

C) being regarded as having such impairment.

42 U.S.C. § 12102(2).

Therefore, Plaintiff is not required to allege a permanent disability to establish a prima facie case under section 12112(a). While Defendant's argument may be relevant when addressing the merits of the claim, it is irrelevant for determining whether Plaintiff has stated a claim. Therefore, Defendant's

Motion to Dismiss is DENIED as to Plaintiff's Count I.

### COUNT II—FLORIDA WHISTLE-BLOWER's ACT

■ Defendant moves to strike the portion of Plaintiff's claim alleging termination as a result of "her employer's illegal actions regarding her Baker Act proceedings, in violation of the Florida Whistle-blower's Act § 448.101–105." Defendant argues that this portion of Plaintiff's Whistle-blower claim should be struck because Plaintiff fails to allege that she reported any misconduct on the part of her employer regarding her Baker Act proceeding.

Section 448.102 of the Florida Whistle-blower's Act prohibits an employer from retaliating against an employee who "disclosed or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation." Plaintiff fails to allege any such disclosure or threat of disclosure in her Amended Complaint. Accordingly, Defendant's Motion to Strike the portion of Plaintiff's Complaint alleging termination as a result of "her employer's illegal actions regarding her Baker Act proceedings, in violation of the Florida Whistle-blower's Act § 448.101–105" is GRANTED.

### COUNT III—FALSE IMPRISONMENT

■ To state a cause of action for false imprisonment in Florida, the Plaintiff must allege unlawful restraint without color of authority. *Everett v. Florida Institute of Technology,* 503 So.2d 1382, 1383 (Fla. 5th DCA 1987). Plaintiff does not specifically allege that she was unlawfully restrained without color of authority. Instead, Plaintiff argues that she was "Baker Acted" without notice to her representatives by a physician who "falsely represented himself as Plaintiff's employer/physician."

Florida Statutes, § 394.463(2)(a)(3) permits commitment by a "physician, psychologist licensed pursuant to chapter 490 ..." who "examined a person within the preceding 48 hours and finds that the person appears to meet the criteria for involuntary examination...." The Baker Act does not require notice or that the examining physician be the Plaintiff's attending physician. Therefore, the Plaintiff does not state a claim for false imprisonment and Defendant's Motion to Dismiss is GRANTED.

### COUNT IV—DEFAMATION

■ To establish a prima facie case of defamation, the Plaintiff must allege: 1) Defendant published a false statement; 2) such statement was communicated to a third party; and 3) Plaintiff suffered actual damages as a result of the publication. *Miami Herald Publishing Co. v. Ane,* 423 So.2d 376 (Fla. 3d DA 1982), *app'd.* 458 So.2d 239 (Fla.1984); *Shaw v. R.J. Reynolds Tobacco Co.,* 818 F.Supp. 1539 (M.D.Fla.1993). Plaintiff alleges that the wife of Defendant's employee communicated "false details *surrounding* the Baker Act commitment of Plaintiff ..." to the Office Manager of another physician. Plaintiff further alleges that "this false information relayed to a co-employee, a friend of hers and an employee of another physician's office subjected her to disgrace, ridicule, odium and/or contempt in the estimation of her friends and acquaintances." However, in the original Complaint, Plaintiff alleges that these "false details" portrayed "Plaintiff's husband as violently threatening...." Therefore, even if these facts stated a defamation claim for Plaintiff's husband, they do not support a defamation claim for Plaintiff. Further, the charges appear to be against a third party, the wife of an employee of Defendant, not the Defendant. Accordingly, Defendant's Motion to Dismiss Plaintiff's defamation claim is GRANTED.

### COUNT V—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ The Eleventh Circuit requires the Plaintiff to allege four elements to state a claim of intentional infliction of emotional distress: 1) deliberate or reckless infliction of emotional suffering; by 2) outrageous conduct; 3) which conduct must have caused suffering; and 4) the suffering must have been severe. *Hart v. United States,* 894 F.2d 1539 (11th Cir.1990), *cert. denied,* 498 U.S. 980, 111 S.Ct. 509, 112 L.Ed.2d 521

(1990). The test for "outrageous conduct" examines whether the conduct "is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life Insurance Co. v. McCarson*, 467 So.2d 277, 278 (Fla.1985). The standard for "outrageous conduct" is particularly high in Florida. *Golden v. Complete Holdings, Inc.*, 818 F.Supp. 1495 (M.D.Fla.1993).

▆▆ Plaintiff merely alleges in the Amended Complaint that Defendant terminated her after assurances that she would be allowed to return to employment. In an analogous case, these exact circumstances were not sufficiently outrageous to support a claim for intentional infliction of emotional distress. See *Id.* at 1499 (termination despite satisfactory performance, ejection from office without warning and destruction of personal effects was not sufficiently outrageous). Coupled with the fact that Plaintiff was an at-will employee of Defendant, Defendant's conduct of terminating Plaintiff's employment does not rise to the level of outrageous conduct necessary to sustain a claim for intentional infliction of emotional distress. Therefore, Defendant's Motion to Dismiss Plaintiff's claim of Intentional Infliction of Emotional Distress is GRANTED.

### COUNT VI—MISREPRESENTATION

▆▆ Plaintiff does not specify whether she is alleging negligent or fraudulent misrepresentation. However, both claims require the Defendant to induce the Plaintiff to rely on the representations to her detriment, resulting in injury. *C & J Sapp Publishing Co. v. Tandy Corp.*, 585 So.2d 290, 292 (Fla. 2d DCA 1991) (elements of negligent misrepresentation)[1]; *Johnson v. Davis*, 480 So.2d 625, 627 (Fla.1985) (elements of fraudulent misrepresentation)[2]. However, Plaintiff does not plead any facts to support how she relied to her detriment on representations by the Defendant or what damages she suffered as a result of such reliance. Thus, Defendant's Motion to Dismiss Plaintiff's "Misrepresentation" claim is GRANTED. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss be **GRANTED** as to Counts III, IV, V, and VI; the Motion to Strike a portion of Plaintiff's Whistle-blower claim be **GRANTED** as to Count II; the Motion to Dismiss be **DENIED** as to Count I; and Plaintiff's Amended Complaint be DISMISSED as to Counts III, IV, V, and VI.

### DONE AND ORDERED.

---

1. The elements of negligent misrepresentation are as follows: 1) a misrepresentation of material fact; 2) knowledge by the representor as to the truth or falsity of the representation, or that the representation was made under circumstances in which the representor ought to have known of its falsity; 3) intent by the representor that the representation induce another to act on it; and 4) injury to the plaintiff as a result of acting in justifiable reliance on the misrepresentation.

2. The elements of fraudulent misrepresentation are: 1) a false statement concerning a material fact; 2) the representor's knowledge that the representation is false; 3) an intention that the representation induce another to act on it; and 4) consequent injury by the party acting in reliance on the representation.