**Bobbi A. BALL, Plaintiff,**

v.

**HEILIG–MEYERS FURNITURE COMPANY, Defendant,**

No. 98–599–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 10, 1999.

**1372**

Ellen Sly Masters, Ellen Sly Masters, P.A., Lakeland, FL, Jonethan Stidham, Stidham & Stidham, P.A., Bartow, FL, for Bobbi A. Ball.

Richard N. Margulies, Edward L. Birk, McGuire, Woods, Battle & Boothe, L.L.P., Jacksonville, FL, for Heilig–Meyers Furniture Company.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion to Dismiss (Dkts.4,5), which seeks to dismiss all five Counts of Plaintiff's Complaint. Plaintiff filed a Response to Defendant's Motion to Dismiss (Dkt.6) and an Amended Complaint (Dkt.11). Plaintiff's Amended Complaint makes no substantive changes beyond replacing the term "employees" with "store manager."

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the Plaintiff's Complaint to determine whether it sets forth sufficient allegations to establish a claim for relief. Under *Conley v. Gibson,* 355 U.S. 41,

45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a district court should not dismiss a complaint for failure to state a claim solely on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." Additionally, when deciding a motion to dismiss, a court must accept the truthfulness of well-pleaded facts and resolve them in the light most favorable to the Plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Beck v. Deloitte et al.,* 144 F.3d 732, 735–36 (11th Cir.1998) (quoting *St. Joseph's Hosp., Inc. v. Hospital Corp. of America, et al.,* 795 F.2d 948 (11th Cir.1986)).

To dismiss a complaint for failure to state a claim, the Plaintiff's Complaint must only meet an exceedingly low standard of sufficiency. *See Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir.1985). However, when no construction of the facts can produce a cause of action as to a dispositive issue of law, dismissal is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991); *see also Powell v. United States,* 945 F.2d 374 (11th Cir. 1991). Using this standard, the Court turns to the consideration of the claims asserted.

### BACKGROUND

The following allegations, taken from the Complaint, are considered true for present purposes of deciding whether to dismiss the Plaintiff's Complaint. *See Beck,* 144 F.3d at 735. Plaintiff, Bobbi A. Ball (Ball), began her employment with the Defendant, Heilig–Meyers Furniture Co. (Heilig–Meyers), in 1996. Ball's original position was terminated, but she was rehired in October 1997 by Heilig–Meyers to fill the position of collector/cashier/term writer.

Ball alleges that during the course of her employment with Heilig–Meyers, her employment was conditioned upon her submission and acquiescence to the store manager's unwelcome and unwanted sexual advances. Such advances included vulgar language and vulgar comments delivered by the store manager. These comments were often accompanied by physical contact with Plaintiff's posterior and breasts. Plaintiff states that while working at the copy machine with other employees, the store manager would approach her and rub his genitalia against her posterior. On one instance, the store manager rubbed his hand across Ball's posterior, grabbed her posterior and commented, "Girl, you just don't know how sexy that is. I would like to get a piece of that." Further, the store manager commented to Plaintiff and another female employee that he would like to see them together in a sexual act.

While employed at Heilig–Meyers, Ball gave birth. When breast-feeding her child, she would lock herself in the break room so that she could be alone with her child. On multiple occasions, the store manager stood outside the break room door and made such comments as, "Feed me" and "I'm hungry." The store manager also tried to enter into the break room on several of these occasions.

During Ball's employment with Defendant, she attended classes to become a massage therapist. During this period, the store manager made sexually explicit comments about massage therapy to her. Such comments included inquiries into the price for oral sex and whether she massaged "the nads." (Compl.¶ 9(h).) When Ball asked the store manager to stop the explicit comments and to stop touching her, the store manager responded that he was in charge and would treat his employees any way he wanted to.

During late Spring, 1997, the store manager began stating that Ball was not doing her job and started criticizing her for being late to work when she was not. Ball regularly complained to her supervisors and co-workers about the store manager's conduct but received no assistance. After receiving no assistance from the Defendant's main office, Ball quit Heilig–Meyers on May 9, 1997. In December of 1997, Ball was issued a "Notice of Right to Sue" by the U.S. Equal Employment Commission.

### DISCUSSION

A. Count I (Sexual Harassment)

Defendant moves to have Count I of Plaintiff's Complaint dismissed to the extent it requests relief under 42 U.S.C. § 1981. Defendant states that Plaintiff fails to specify the statutory basis upon which the first count of sexual harassment is based. As such, the

Defendant claims that the Court is required to look to the jurisdictional paragraph of paragraph two of the Complaint. *Id.* Here, Defendant asserts, Plaintiff bases jurisdiction upon Title VII, as well as the Civil Rights Act of 1991 (42 U.S.C. § 1981). From this, Defendant moves for the dismissal of Count I on the basis that it is well established that sexual harassment is not actionable under 42 U.S.C. § 1981. *See Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *see also McCoy v. Johnson Controls World Services, Inc.,* 878 F.Supp. 229, 232–33 (S.D.Ga.1995).

■ While Defendant would prevail against a claim of sexual harassment under section 1981, the Court does not find a 42 U.S.C. § 1981 assertion in the wording of Count I. However, Plaintiff does assert "protected group" status under Title VII in Count I. (Compl.¶ 21.)

Section 703(a) of Title VII forbids "an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a)(1). Moreover, the United States Supreme Court held in *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 73, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), that "hostile work environment" sex discrimination is actionable under Title VII. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (June 26, 1998); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (June 26, 1998). Additionally, "an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Faragher,* 118 S.Ct. at 2278–79. Plaintiff's Complaint illustrates numerous allegations of unwanted and unprovoked sexual comments and physical contact by her supervisor. (Compl.¶¶ 9–18.) As Defendant does not make any substantive argument as to the validity Plaintiff's Title VII sexual harassment claim, it would be improper to dismiss Count I. To the extent that any assertion based on 42 U.S.C. § 1981 is made in Count I, it is dismissed.

**B. Count II (Constructive Discharge)**

■ It should first be noted that the Defendant moves to have Counts II, III and IV dismissed under Florida's doctrine of "respondeat superior." The Court finds this doctrine inapplicable to Count II as Plaintiff bases jurisdiction on federal law, not Florida law. In paragraph 27 of the Complaint, Plaintiff "realleges Paragraphs One (1) through Twenty–Two (22)," which asserts Title VII protected group status in Paragraph twenty-one. (Compl.¶¶ 21,27.) No request for relief under Florida law is found in the Complaint. However, Plaintiff has plead jurisdiction in very general terms in all five Counts, with the exception of Count I. In light of this, it is proper for the Court to dismiss any pendant state claim as to constructive discharge that may be implied in Count II of the Complaint. *See DeMarco v. Publix Super Markets, Inc.,* 384 So.2d 1253 (Fla.1980)(stating that Florida is an "at will" state for purposes of non-contractual employment). As such, the Court moves to Defendant's argument that "constructive discharge" is part and parcel of the Title VII sexual harassment claim.

■ Defendant states that Plaintiff's charge of constructive discharge should be dismissed because it has no separate, stand alone basis for relief. Rather, it is simply a factor in the amount of damages, if any, that the Plaintiff may be entitled to. Defendant cites *Knabe v. Boury Corp.,* 114 F.3d 407, 408, n. 1 (3d Cir.1997), which states in its first footnote that "[the] constructive discharge claim, as presented here, is not a separate ground for relief, but rather would factor into the damages (e.g., backpay) available [had the Plaintiff prevailed on the sexual harassment claim]." However, the Court does not know how the constructive discharge claim was presented in *Knabe,* nor does the Defendant extrapolate on how this argument relates to the case at hand. Further, other courts have held Title VII sexual harassment and constructive discharge to be separate issues. *See* Ernest C. Hadley & George M. Chuzi, *Sexual Harassment: Federal Law* Ch.3.I.A.8 (1997 ed.)(citing *Ebert v. Lamar Truck Plaza,* 715 F.Supp. 1496, 1500 (D.Colo.1987)). Moreover, the Court in

*Ebert* found that, as a matter of law, a constructive discharge claim does not always fail when the related claim for sexual harassment fails. *See Ebert*, 715 F.Supp. at 1500. However, the two claims are usually supported by much the same evidence. *See id.* Viewing the facts in the light most favorable to the Plaintiff, the Court finds that a constructive discharge claim could be supported by the given facts, independent of a sexual harassment claim. As such, Count II is not part and parcel to the Title VII sexual harassment allegations in Count I. As to Count II, Defendant's Motion to Dismiss is denied as to relief sought under Title VII.

## C. Count III (Tort of Sexual Harassment)

In Count III of her Complaint, Plaintiff alleges the "Tort of Sexual Harassment." Defendant moves to dismiss this claim on the basis that there is no common law sexual harassment recognized in Florida. Defendant then cites multiple courts, including Florida's Middle District (Orlando Division), that plainly state that "there is no such tort [of sexual harassment] under the law of Florida." *Maiorella v. Golf Academy of South*, No. 92–690–CIV–ORL–22, 1993 WL 463211 (M.D.Fla. Sept.23, 1993).

Plaintiff points out that the Florida Supreme Court in *Byrd v. Richardson–Greenshields Sec., Inc.*, 552 So.2d 1099, 1104 (Fla. 1989), has stated:

> The clear public policy emanating from federal and Florida law holds that an employer is charged with maintaining a workplace free from sexual harassment.... Public policy now requires that employers be held accountable in tort for the sexually harassing environments they permit to exist, whether the tort claim is premised on a remedial statute or on the common law.

Plaintiff goes on to argue that Defendant's knowledge and acquiescence to the alleged sexual harassment and the strong pull of public policy create a jury question.

However, in *Robertson v. Edison Bros. Stores, Inc.*, No. 94–1315–CIV–ORL–19, 1995 WL 356052 (M.D.Fla. Apr.11, 1995), the Middle District (Orlando Division) has taken a different interpretation of *Byrd* than Plaintiff asserts. The Court in *Robertson*, while recognizing that the expansive language of *Byrd* might suggest the creation of a new

tort, felt that the specific facts of the case dictated that no new tort was created. *See id.; see also Urquiola v. Linen Supermarket, Inc.*, No. 94–14–CIV–ORL–19, 1995 WL 266582 (M.D.Fla. Mar.23, 1995)(Judge Fawsett mirroring her own decision in *Robertson* ). Rather, the Court in *Robertson* held that the Florida Supreme Court was "adopting the more narrow position that companies which allow employees to commit torts such as battery, intentional infliction of emotional distress, or assault as part of a sexually harassing environment can no longer hide behind the workers' compensation exclusion to escape liability." *Id.* Additionally, the Middle District (Tampa Division) has found that *Byrd* should be interpreted in relation to the assault, intentional infliction of emotional distress and battery involved in *Byrd. See Monteverde v. Baby Superstore, Inc.*, No. 94–1295–CIV–T–21B, 1995 WL 381876 at *1 (M.D.Fla. May 30, 1995). *Accord Fowler v. Taco Viva*, 646 F.Supp. 152, 158 (S.D.Fla.1986)(dismissing Plaintiff's claim for harassment without prejudice); *Yeary v. State of Fla., Dep't of Corrections*, No. 95–583–CIV–J–16, 1995 WL 788066 (M.D.Fla. Oct.10, 1995)(stating same interpretation of *Byrd* in Jacksonville Division). These decisions apparently are in agreement with past (pre-*Byrd* ) cases. *See Ponton v. Scarfone*, 468 So.2d 1009, 1011 (Fla.Dist.Ct.App.1985), *petition for review denied*, 478 So.2d 54 (Fla. 1985); *see also Cummings v. Dawson*, 444 So.2d 565, 566 (Fla.Dist.Ct.App.1984).

■ It is the clear trend of Florida courts to interpret *Byrd* as not creating the tort of sexual harassment. As such, the Court grants the Motion to Dismiss Count III.

## D. Count IV (Intentional Infliction of Emotional Distress)

Defendant moves to dismiss Count IV of Plaintiff's Complaint on the grounds that the conduct alleged is not "outrageous" enough to state a claim upon which relief can be granted. Additionally, Defendant cites the court in *Watson v. Bally Mfg. Corp.*, 844 F.Supp. 1533, 1537 (S.D.Fla.1993), which states that Florida courts have construed the parameters of this cause of action extremely

narrowly. *See Golden v. Complete Holdings,* 818 F.Supp. 1495 (M.D.Fla.1993).

Plaintiff disputes the allegations of insufficiency and outlines the facts that she believes meet the "outrageous" requirement. These facts are:

(a) Defendant's store manager rubbed his penis across Plaintiff's posterior; (b) Defendant's store manager rubbed his hand across Plaintiff's posterior and squeezed Plaintiff's posterior, commenting that he "would like to get a piece of that"; (c) Defendant's store manager told Plaintiff and a female co-worker that he would like to see the two women together in a sexual act; (d) when Plaintiff was breast-feeding her child in a locked break room, Defendant's store manager tried to enter the room on several occasions and once commented that he was "hungry" and he wanted Plaintiff to "feed him"; (e) while working in close proximity to Plaintiff, Defendant's store manager would try to touch or rub against Plaintiff's breasts; (f) when Defendant's store manager learned Plaintiff was attending school to become a massage therapist he asked her "how much for a blow job?" and "do you massage the 'nads'?"

(Resp. to Mot. to Dismiss at 8.) Plaintiff contends these facts demonstrate a "willful and relentless campaign of verbal and physical abuse that went beyond all bounds of decency." *Id.* Consequently, Plaintiff asserts that the behavior of Defendant's store manager meets the "outrageous" standard.

█ Under applicable Florida law, in order to state a cause of action for intentional infliction of emotional distress, the Plaintiff must demonstrate: 1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe. *See Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277 (Fla.1985). In addition, the Court in *Metropolitan Life* adopted the Restatement's definition of this tort. *See id.* This standard provides for liability when "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Id.* at 278 (quoting Restatement (Second) of Torts § 46 (1965)). What is and is not "outrageous" is a question of law for this Court to determine. *See Baker v. Florida Nat'l Bank,* 559 So.2d 284, 287 (Fla.Dist.Ct.App. 1990); *Ponton v. Scarfone,* 468 So.2d 1009, 1010 (Fla.Dist.Ct.App.1985)(citing *Metropolitan Life,* 467 So.2d 277 (Fla.1985)).

This Court has stated "outrageous" conduct is usually something other than sexual discrimination or sexual harassment. *See Pucci v. USAir,* 940 F.Supp. 305, 309 (M.D.Fla.1996); *Golden v. Complete Holdings, Inc.,* 818 F.Supp. 1495, 1499 (M.D.Fla.1993)(stating that claims for intention infliction of emotional distress relating to sexual harassment have been repeatedly rejected).

█ In the present case, the alleged conduct was delivered both physically and verbally. However, while the Defendant's store manager's alleged acts were offensive, when measured against case law, the facts do not reach the necessary level of "outrageousness" to survive the Motion to Dismiss. *See Stockett v. Tolin,* 791 F.Supp. 1536 (S.D.Fla.1992)(holding that touching Plaintiff's breasts and buttocks several times per week was not sufficiently outrageous); *Vernon v. Medical Management Assocs.,* 912 F.Supp. 1549, 1557–60 (S.D.Fla.1996)(unwanted and repeated touching of the buttocks, breasts, nipples and belly button, as well as repeated hugging, sexual comments and attempts to look up Plaintiff's skirt were not "outrageous" enough to withstand motion to dismiss); *Urquiola,* 1995 WL 266582 at *4 (repeated kissing and groping not "outrageous"). In fact, both Florida and federal courts have been very resistant to find a cause of action for this tort in the employment setting. *See Pucci,* 940 F.Supp. at 309. In light of the above authority, this Court grants the Motion to Dismiss Count IV.

### E. Respondeat Superior

The issues surrounding the doctrine of respondeat superior have been rendered moot by dismissing Counts III and IV on their substantive law claims. As to Count II, Florida law is inapplicable as described above.

### F. Count V (Negligent Retention)

With respect to Plaintiff's claim of negligent retention, Defendant characterizes the Plaintiff's cause of action as negligence based on common law sexual harassment. From here, Defendant states that actions for negligence based upon common law sexual harassment are not maintainable in Florida because Florida does not recognize a common law cause of action premised upon sexual harassment. Defendant cites *Yeary*, 1995 WL 788066, at *2, in which the court dismissed a claim of negligence based, presumably, upon common law sexual harassment. *See also Robertson*, 1995 WL 356052, at *2; *Monteverde*, 1995 WL 381876, at *1.

Plaintiff responds with the contention that, under Florida law, negligent retention is a viable cause of action. *See Degitz v. Southern Management Serv., Inc.*, 11 Fla. L. Weekly Fed. D619. From this, Plaintiff states that it was alleged in the Complaint that the Defendant had the duty to ascertain the fitness of employees and ensure their safety. (Mot. to Dismiss at 9.) Further, once the Defendant learned of the dangerous propensities of its employees, Defendant had a duty to intervene and prevent the creation of an abusive and hostile work environment. *See id.* Additionally, "Defendant failed to take remedial action upon learning of the pervasive sexually offensive conduct." *Id.* Finally, Plaintiff cites *Island City Flying Serv. v. General Elec. Credit Corp.*, 585 So.2d 274 (Fla.1991), which holds an employer liable for the willful tort of an employee which he knew was a threat or should have known.

■ Plaintiff asserts that Defendant owed its employees a duty to protect them from an abusive and hostile work environment. Moreover, once the Defendant learned of the "sexually offensive" conduct, it failed to take remedial action. However, Plaintiff sets no *foundation upon which this duty is based.* That is, Plaintiff states no authority as a basis of this alleged duty. Viewing Count V in light of the facts alleged (Plaintiff using such terms as "hostile work environment" and "sexually offensive"), the Court concludes that the Plaintiff was asserting the duty based on tort of sexual harassment alleged in Count III. The Court found that this tort does not exist in the Florida common law. As such, Count V of the Plaintiff's Complaint must be dismissed because it lacks a foundation upon which to base the alleged duty. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkts.4,5) is **granted in part** and **denied in part** as set forth above.