CHRISTINE RAVELO, a minor, and JENNIFER RAVELO, a minor, by their Guardians Ad Litem BENJAMIN RAVELO and MARLENE RAVELO, and BENJAMIN RAVELO and MARLENE RAVELO, Plaintiffs-Appellants, *v.* COUNTY OF HAWAII, a municipal corporation, Defendant-Appellee

NO. 7937

(CIVIL NO. 5591)

FEBRUARY 15, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ., AND RETIRED JUSTICE MENOR, IN PLACE OF RICHARDSON, C.J., DISQUALIFIED

## OPINION OF THE COURT BY NAKAMURA, J.

The question in this interlocutory appeal from the Circuit Court of the Third Circuit is whether the complaint filed by Plaintiffs-appellants Benjamin Ravelo and Marlene Ravelo (Mr. and Mrs. Ravelo) against Defendant-appellee County of Hawaii (the County) stated a cause of action upon which relief could be granted. Concluding from a review of the record that the Ravelos' original pleading recited facts that could give rise to a cognizable claim under the promissory estoppel doctrine, *see Restatement (Second) of Contracts* § 90 (1979), we reverse the circuit court's dismissal of the complaint and remand the case for further proceedings not inconsistent with this opinion.

I.

The controversy stems from the rescission by the County Police Department of a prior acceptance of Benjamin Ravelo's application for employment. The original pleading filed by Mr. and Mrs. Ravelo asserted claims for damages allegedly suffered by themselves and their two minor children; the claims averred on behalf of the children, however, are not at issue in this appeal.[1]

The dispositive allegations of the complaint are: (1) on December 13, 1978, the County Police Department informed Benjamin Ravelo by letter that his application for employment as a police officer had been accepted and he would be sworn in as a police recruit on January 2, 1979; (2) "in reliance" thereon, he resigned from his position as a police officer with the Honolulu Police Department and Mrs. Ravelo submitted a notice of termination to her employer; (3) in further anticipation of a residence change, Mr. and Mrs. Ravelo informed the private school where their children were enrolled that they were being removed from the school; (4) but on December 20, 1978, Benjamin Ravelo "was informed by the Hawaii County Police Department that he was not going to be hired after all"; and (5) Mr. and Mrs. Ravelo thereafter attempted to rescind the resignations submitted to their respective employers but "were informed that it was too late to get their jobs back."

Plaintiffs-appellants claimed the County's "wrongful breach of its agreement to hire Benjamin Ravelo" caused both economic loss and mental anguish and prayed for specific enforcement of such agreement and damages, including large sums for mental anguish and unstated sums for "loss of projected income and related benefits for the rest of the projected lives" of Mr. and Mrs. Ravelo.

---

[1] Counsel for Mr. and Mrs. Ravelo conceded in the circuit court that the claims on behalf of the minor children could not be sustained. Thus the dismissal of their claims by the circuit court's order of November 8, 1979 is not raised as error by plaintiffs-appellants.

After submitting an answer which averred a lack of suffi-
cient knowledge to respond directly to the complaint's princi-
pal allegations but nonetheless raised several affirmative
defenses, including the Statute of Frauds, Ravelo's breach of a
precondition of employment, and his failure to exhaust admi-
nistrative remedies, the County moved for the dismissal of the
complaint or summary judgment. The primary arguments
advanced in support of dismissal or summary determination
were that the complaint stated no basis upon which relief could
be granted for either a breach of contract or a tortious inflic-
tion of emotional distress and Ravelo neglected to pursue the
appropriate remedy through an administrative appeal to the
County Civil Service Commission.

The circuit court agreed that no grounds for relief were
pleaded, and dismissed the complaint without prejudice. It
adopted the County's reasoning that under applicable provi-
sions of the civil service law and regulations,[2] Ravelo was at

---

[2] The pertinent statutory provision is HRS § 76-27; the applicable administrative
regulations are Rules 7.2 and 12.4(a) of the Rules and Regulations on Civil Service and
Compensation, County of Hawaii.
HRS § 76-27 reads in relevant part:
> All employees shall successfully serve an initial probation period before becoming
> members of the civil service. In addition, membership in the civil service shall
> require that the employee shall have been appointed in accordance with law and
> shall have satisfied all the requirements for employment prescribed by this chapter
> or by the rules and regulations promulgated thereunder including those qualifica-
> tions prescribed by section 78-1.
Rule 7.2 reads:
> All employees shall successfully serve an initial probationary period before
> becoming members of the civil service; provided that in the case of a regular
> employee of the State or counties entering the County by inter-governmental
> movement his appointing authority in the County may waive the requirement to
> serve an initial probationary period. All regular employees and all other employees
> having a permanent appointment in civil service pursuant to law shall constitute
> the membership of the civil service.
and Rule 12.4(a) provides:
> A non-regular employee may be dismissed at any time without written notice and
> shall have no rights of appeal.

best a probationary employee whose employment was terminable without cause at any time prior to the completion of a period of probationary service. Thus in the court's view, there was no possible basis upon which damages for either a contractual breach or an infliction of emotional distress could be predicated.

Following the entry of the order dismissing the complaint, plaintiffs-appellants sought a reconsideration of the matter. When this was denied, they moved to amend their complaint. The amended complaint they sought to file, however, essentially reiterated the original allegations, only in much greater detail. Concomitantly with the motion to amend the complaint, plaintiffs-appellants requested leave to pursue an interlocutory appeal to this court in the event the proposed amendment was disallowed. Amendment was denied, but permission to seek interim review was granted.

## II.

### A.

The circuit court concluded the Ravelos' complaint did not articulate an enforceable claim sounding in contract because Benjamin Ravelo obviously did not attain membership in the County civil service. And as the lack of such status enabled the County to terminate any purported employment with impunity, the court could observe no cause of action for the negligent infliction of emotional distress. We cannot fault the circuit court's perception that the averments in the complaint could not sustain an action premised on a breach of a formal contract or tortious conduct.

Still, our position has been that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Midkiff v. Castle & Cooke, Inc.,* 45 Haw. 409, 414, 368 P.2d 887, 890 (1962) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Au v. Au,* 63 Haw. 210, 221, 626 P.2d 173, 181 (1981); *Hall v. Kim,* 53 Haw. 215, 221-22, 491 P.2d 541, 545 (1971). For

[i]t . . . is the rule that a complaint is not subject to dismissal if plaintiff is entitled to relief under any state of facts which could be proved in support of the claim, and a party shall be granted the relief to which he is entitled even if he has not demanded that relief in his pleadings. 2 Moore, *Federal Practice,* § 12.08 (2d ed.); H.R.C.P., Rule 54(c); *Territory v. Branco,* 42 Haw. 304, 311 [1958]; *Yap v. Wah Yen Ki Tuk Tsen Nin Hue,* 43 Haw. 37 [1958].

*Waterhouse v. Capital Investment Co.,* 44 Haw. 235, 248-49, 353 P.2d 1007, 1016 (1960). Our duty then is to view the Ravelos' complaint in a light most favorable to them, *Gonsalves v. Gilbert,* 44 Haw. 543, 554, 356 P.2d 379, 385 (1960), to decide whether the allegations could give rise to recovery under alternative theories of relief. *Waterhouse v. Capital Investment Co.,* 44 Haw. at 248-49, 353 P.2d at 1016.

The allegations recounted earlier state there was a promise of employment extended to Benjamin Ravelo. The Ravelos further maintain they relied on the County's word that Benjamin Ravelo would be sworn in as a police recruit several weeks hence in quitting their jobs and laying plans to move to the Big Island. The County, we believe, could have anticipated the assurance of employment at a definite time would induce a reaction of that nature. These circumstances, in our opinion, provide a basis upon which relief could be granted the Ravelos.

### B.

We rest our conclusion on promissory estoppel, the essence of which is detrimental reliance on a promise. *See* Henderson, *Promissory Estoppel and Traditional Contract Doctrine,* 78 Yale L.J. 343 (1969). In *Anthony v. Hilo Electric Light Co.,* 50 Haw. 453, 442 P.2d 64 (1968), we concluded the defendant power company was obligated to pay over part of the sums it received from the telephone company to the plaintiff who had applied for telephone service, along with electric service, on the defendant's promise that part of his cost for the installation of telephone service would be refunded when payments made by the telephone company pursuant to the utility companies' "joint pole" agreement were received. We found the promise "induced plaintiff to make a payment for telephone line which

he might not have made otherwise" and cited *Restatement of Contracts* § 90 (1932) to support our conclusion that the promise was enforceable. *Id.* at 456, 442 P.2d at 66. The *Restatement* provision then read:

§ 90. Promise Reasonably Inducing Definite And Substantial Action.

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Section 90, however, has been substantially revised by the American Law Institute since we adopted the section as authority for the enforcement of a promise on the basis of detrimental reliance thereon even though the reliance is not bargained for. It now provides:

§ 90. Promise Reasonably Inducing Action or Forbearance
(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.
(2) A charitable subscription or a marriage settlement is binding under Subsection (1) without proof that the promise induced action or forbearance.

Changes from the former § 90 are reflected in the deletion of the requirement that the action or forbearance induced be of "a definite and substantial character," the addition of third persons as possible beneficiaries of the doctrine, and a recognition of the possibility of partial enforcement.[3]

---

[3] The Reporter's Note to § 90 reads in relevant part:

The principal change from former § 90 is the recognition of the possibility of partial enforcement. See Fuller & Perdue, The Reliance Interest in Contract Damages: 1, 46 Yale L.J. 52, 63-65 (1936); id.: 2, 46 Yale L.J. 373, 401-06 (1937); Shattuck, Gratuitous Promises—A New Writ? 35 Mich. L. Rev. 908 (1937); 1A Corbin, Contracts § 205 (1963 & Supp. 1980). Partly because of that change, the

In our estimation the revised section provides a sounder legal foundation for the application of promissory estoppel, and we deem it advisable that the current § 90 be followed hereafter. Hence, we expect that relief here, if appropriate, will extend to Mrs. Ravelo as well as Mr. Ravelo and that any relief granted will not place the Ravelos in a better position than performance of the promise to hire him as a police recruit would have.[4]

The order of the circuit court dismissing the complaint is reversed, and the case is remanded for further proceedings not inconsistent with this decision.

*Jeffrey Choi (Doi, Cook, Choi & Quitiquit,* of counsel) for plaintiffs-appellants.

*Barbara P. Richardson,* Deputy Corporation Counsel, for defendant-appellee.

---

requirement that the action or forbearance have "a definite and substantial character" is deleted; and provision is added for reliance by beneficiaries. See Boyer, Promissory Estoppel: Requirements and Limitations of the Doctrine, 98 U. Pa. L. Rev. 459 (1950); 1A Corbin, Contracts § 200 (1963 & Supp. 1980). Subsection (2) is new.
*Restatement (Second) of Contracts,* Vol. I, at 247-48 (1979).

[4] We think the Reporter's discussion of *partial enforcement* particularly apt in this situation; it reads:

*d. Partial enforcement.* A promise binding under this section is a contract, and full-scale enforcement by normal remedies is often appropriate. But the same factors which bear on whether any relief should be granted also bear on the character and extent of the remedy. In particular, relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather than by the terms of the promise. See §§ 84, 89; compare Restatement, Second, Torts § 549 on damages for fraud. Unless there is unjust enrichment of the promisor, damages should not put the promisee in a better position than performance of the promise would have put him. See §§ 344, 349. In the case of a promise to make a gift it would rarely be proper to award consequential damages which would place a greater burden on the promisor than performance would have imposed.
*Id.* at 244-45.