103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley CHIN, an individual; Stanley Chin, dba Electronic
Ventures, Plaintiffs-Appellants,
v.
RAM PAGING HAWAII, a Hawaii Corporation; Ram/bse Paging
Co., L.P., a Delaware Limited Partnership;
Mobilecomm of the Northeast, Inc., a
Delaware Corporation,
Defendants-Appellees.
 No. 95-16093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Dec. 06, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chin appeals from the district court's order granting summary judgment in favor of Ram Paging Hawaii (Ram). The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review a summary judgment de novo, applying the same standard as the trial court under Rule 56(c). Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is appropriate if there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.
 
 
 4
 Chin argues that Ram's May 13, 1993, fax, in combination with various oral representations to him, created a "firm offer" under Hawaii's version of Uniform Commercial Code § 2-205. Under the plain language of that provision, a "firm offer" is created only by "a signed writing which by its terms gives assurance that it will be held open." Haw.Rev.Stat. § 490:2-205 (emphasis added). Chin concedes that the fax does not contain any assurances that the price quotation will be held open.
 
 
 5
 Any alleged oral representations by Ram are irrelevant under section 2-205. That section requires a written promise of irrevocability precisely in order to prevent litigation over misunderstandings like this one. The official comments leave no doubt on this point. See Haw.Rev.Stat. § 490:2-205, comment 2.
 
 
 6
 The district court also entered summary judgment for Ram on Chin's promissory estoppel claim. Hawaii has adopted the Restatement (Second) of Contracts § 90 definition of promissory estoppel. See Ravelo v. County of Hawaii, 658 P.2d 883, 887 (Haw.1983). Under that definition, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Id. According to the Hawaii Supreme Court, the essence of promissory estoppel is detrimental reliance on a promise. Id.
 
 
 7
 During the four days that he considered Ram's offer to be "open," Chin did not expend any funds or suffer any financial loss. Chin argues that he "relied" on Ram's offer by failing to seek out alternative sources for pagers during those four days. That is insufficient to support promissory estoppel. The Hawaii cases recognizing promissory estoppel have all involved tangible and substantial financial reliance, foreseeable to the promisor. See, e.g., id.; Anthony v. Hilo Electric Light Co., 442 P.2d 64, 66 (Haw.1968).
 
 
 8
 Promissory estoppel also requires a showing that "injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90. The interests of justice are best served in this case by applying the clear rule supplied by the Uniform Commercial Code. Under Hawaii Revised Statutes § 490:2-205, a businessman who desires a firm offer or option contract must bargain for clear, written confirmation. There was no injustice demonstrated.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3