715 So.2d 1007 (1998)
Frank LEONARDI, Appellant,
v.
CITY OF HOLLYWOOD, Florida, a municipal corporation, Appellee.
No. 97-2060.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
*1008 Brenda J. Carter, Ft. Lauderdale, and Timothy J. McDermott of Tripp Scott Conklin & Smith, and Brenda J. Carter, Ft. Lauderdale, for appellant.
Jamie Alan Cole, City Attorney, and Daniel L. Abbott, Hollywood, for appellee.
POLEN, Judge.
Frank Leonardi, who sued the City of Hollywood ("City") for terminating his prospective employment with the City, appeals from that portion of an amended final judgment which held that the at-will employment doctrine barred his claim for lost wages. The City cross-appeals from that portion of the judgment which awarded Leonardi $10 in nominal damages. We affirm Leonardi's appeal and reverse on the city's cross-appeal.
On October 26, 1995, City orally offered Leonardi a position as assistant to the city manager at an annual salary of $47,570 to begin on November 13, 1995. City confirmed the offer via a letter, dated October 30, 1995. The offer did not state the period of employment. As a result of the offer, Leonardi quit his then-current employment the morning of November 3, 1995 and, at a lunch meeting with the city manager on that same date, gave written confirmation of his acceptance of the offer. At that meeting, however, the city manager informed Leonardi that he could not offer him the job any longer. Thereafter, Leonardi was unable to regain his prior employment.
Subsequently, Leonardi sued City on the theory of promissory estoppel. Arguing that City should have reasonably expected that its offer of at-will employment would induce him to quit his then existing at-will employment,[1] he sought lost wages.
The trial court found that Leonardi relied on City's promise of employment to his detriment. It determined that the reasonable amount of his damages as a result of City's actions was $90,400, representing his lost wages at his former job from November 13, 1995, the date his employment with City was supposed to begin, through the date of trial. Nevertheless, it held that the employment at-will doctrine barred an award of such damages. It, thus, denied awarding Leonardi his lost wages, but did award him $10 as nominal damages, and $1,466.45 as taxable costs.
The basic elements of promissory estoppel are set forth in the Restatement (Second) of Contracts, Section 90 (1979), which states
(1) A promise which the promisor should reasonably expect to induce action or forbearance *1009 on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.
The character of the reliance protected is explained as follows:
The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channeling functions of form are met by the commercial setting or otherwise, and on the extent to which such other policies as the enforcement of bargains and the prevention of unjust enrichment are relevant.
Id. (emphasis added)(cited in W.R. Grace and Co. v. Geodata Services, Inc., 547 So.2d 919, 924 (Fla.1989)).
While the courts of this state have applied promissory estoppel in several different contexts, we have not uncovered any Florida decision which either expressly accepted or rejected the doctrine in circumstances akin to the facts of this case. Although Leonardi, citing Golden v. Complete Holdings, Inc., 818 F.Supp. 1495 (M.D.Fla.1993), argues that this court should recognize a cause of action for promissory estoppel in the employment at-will context, Golden did not address nor concern whether a cause of action for promissory estoppel is actionable either generally in the employment context or specifically under facts similar to those in this case. Thus, we do not believe that Golden is controlling.
Accordingly, we focus our attention on cases from other jurisdictions, with facts similar to this case. Many of these cases have held that an employee may base a promissory estoppel claim on a promise of at-will employment. In Grouse v. Group Health Plan, Inc., 306 N.W.2d 114 (Minn.1981), for example, the plaintiff resigned from his employment in reliance on the defendant's at-will employment offer. As in the instant case, the defendant then revoked the offer after the plaintiff had accepted it but before he began to work for the defendant. The plaintiff filed suit and the trial court dismissed the action for failure to state a claim. On appeal, the state supreme court reversed and found that promissory estoppel applied:
[W]e ... hold ... that under the facts of this case the appellant [plaintiff] had a right to assume he would be given a good faith opportunity to perform his duties to the satisfaction of respondent [the defendant] once he was on the job. He was not only denied that opportunity but resigned the position he already held in reliance on the firm offer which respondent tendered him.
Id.; accord Bower v. AT & T Technologies, Inc., 852 F.2d 361 (8th Cir.1988); Ravelo by Ravelo v. Hawaii County, 66 Haw. 194, 658 P.2d 883 (1983).
Other courts, however, have reached a contrary result under similar circumstances. For example, in White v. Roche Biomedical Laboratories, Inc., 807 F.Supp. 1212 (D.S.C. 1992), aff'd, 998 F.2d 1011 (4th Cir.1993), the defendant had revoked an offer of at-will employment after the plaintiff had relied on the offer by quitting his job. He subsequently sued for damages based on promissory estoppel, but the trial court granted summary judgment on his claim. On appeal, the district court affirmed, holding that the doctrine of promissory estoppel did not apply to his situation:
The Court bases this conclusion on the fact that a promise of employment for an indefinite duration with no restrictions on the employer's right to terminate is illusory since an employer who promises at-will employment has the right to renege on that promise at any time for any reason. "A determining factor in deciding whether to enforce a promise under the theory of promissory estoppel is the reasonableness of the promisee's reliance." The Court finds that reliance on a promise consisting solely of at-will employment is unreasonable as a matter of law since such a promise creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed. Therefore, because plaintiff cannot establish *1010 an essential element of his cause of action for promissory estoppel, the Court will grant summary judgment in favor of defendant on this claim.
Id. at 1219-20 (internal citations omitted); accord Heinritz v. Lawrence University, 194 Wis.2d 606, 535 N.W.2d 81 (1995).
Despite this case law, we need not look any further than § 90 of the Restatement (Second) of Contracts to conclude that Leonardi's reliance on City's offer was unreasonable. Had City allowed Leonardi to begin working, it could have terminated his employment immediately thereafter, before he accrued any wages. Similarly, had he not quit his prior position, his employer also could have terminated him at will. In either scenario, we do not believe the doctrine of promissory estoppel would allow him to recover his lost wages.
Accordingly, we affirm the trial court's finding that Leonardi should not be allowed to recover the damages he sought. We reverse, however, the award of nominal damages and costs. Without any actionable claim, there was no basis for the trial court to award any damages or costs to Leonardi. In making such an award, we conclude the trial court erred.
AFFIRMED in part; REVERSED in part and REMANDED to the trial court to enter judgment in favor of City.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Both parties concede that Leonardi's prior and prospective employment were at-will. The general rule of at-will employment is that an employee can be discharged at any time, as long as he is not terminated for a reason prohibited by law, such as retaliation or unlawful discrimination. Davidson v. Iona-McGregor Fire Protection and Rescue Dist., 674 So.2d 858, 861 (Fla. 2d DCA 1996).