CHRISTIAN KELI'I MORGADO, Plaintiff-Appellant,
v.
DANIEL HAMADA; LINDA L.T. SMITH, DERON DOI; PENNY VESS; ROSS SHIMABUKURO; CYNTHIA MATSUOKA; JOHN DOES 1-25; JANE DOES 1-25; DOE ENTITIES 1-20, Defendants-Appellees.
No. 29026.
Intermediate Court of Appeals of Hawaii.
April 22, 2009.
On the briefs:
Eric A. Seitz, Lawrence I. Kawasaki, Delia A. Belatti, (Eric A. Seitz, Attorney at Law, A Law Corporation) for Plaintiff-Appellant.
James E. Halvorson, Jeffrey A. Keating, Deputy Attorneys General, for Defendants-Appellees, Daniel Hamada; Linda L.T. Smith; Deron Doi; Penny Vess; Ross Shimabukuro; and Cynthia Matsuoka.
Michael L. Lam, Margaret E. Parks, Michael G. Kozak, (Case Lombardi & Pettit) for Defendant-Appellant Linda L.T. Smith, in her individual capacity.

SUMMARY DISPOSITION ORDER
By: FOLEY, Presiding Judge, FUJISE, and LEONARD, JJ.
Plaintiff-Appellant Christian Keli'i Morgado (Morgado) appeals from the Judgment filed on January 22, 2008 in the Circuit Court of the Fifth Circuit (circuit court).[1] The circuit court entered judgment in favor of Defendants-Appellees Daniel Hamada (Hamada), Linda L.T. Smith (Smith), Deron Doi (Doi), Penny Vess (Vess), Ross Shimabukuro (Shimabukuro), and Cynthia Matsuoka (Matsuoka) (collectively, Defendants) in their individual and official capacities[2] and against Morgado.
On appeal, Morgado argues that the circuit court erred by (1) denying his motion for preliminary injunction and (2) granting Defendants' motion for summary judgment, where genuine issues of material fact existed as to whether Defendants breached an oral contract to keep Defendants' conditional offer open for a period of time (breach of contract claim) and violated Morgado's free speech and due process interests (free speech/due process claim). Morgado asks this court to reverse or vacate and remand the Judgment.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Morgado's appeal is without merit.
The circuit court was not wrong in granting Defendants' motion for summary judgment. As to Morgado's breach of contract claim, it is undisputed that on or about March 15, 2007, Defendants made a conditional offer of the position to Morgado, subject to seven conditions; Defendants offered to give Morgado a period of at least one week to decide whether to accept the conditional offer; Morgado did not accept or reject the conditional offer; and on or about the next day, March 16, 2007, Defendants rescinded the conditional offer. At issue is whether an oral contract, providing Morgado a certain time period within which to make his decision, was actually created.
"[I]n order for an oral contract to be enforceable, there must be an offer, an acceptance, and consideration. Douglass v. Pflueger Hawaii, Inc., 110 Hawai`i 520, 525, 135 P.3d 129, 134 (2006). Viewing the evidence in the light most favorable to Morgado and assuming that the parties in fact agreed upon a certain time period, Defendants could nevertheless have rescinded their offer before the end of that period unless Morgado gave them consideration or a consideration substitute (e.g., detrimental reliance). See Raveio v. County of Hawaii, 66 Haw. 194, 199-200, 658 P.2d 883, 887 (1983) (holding that Raveio and wife had a claim under the promissory estoppel doctrine, where they detrimentally relied on the county's assurance of employment at a definite time).
Morgado raises the doctrine of promissory estoppel and alleges that Defendants' offer of a time period became a binding "option contract" when he detrimentally relied upon it by, inter alia, turning down offers for similar positions at two other high schools. Nothing in the record, however, indicates that Morgado actually committed these acts of reliance during the brief period (one day) between Defendants' offer of a time frame and Defendants' rescinder of their conditional offer.[3] Because the purported option contract was not enforceable, the circuit court properly found that no genuine issue of material fact existed as to Morgado's breach of contract claim.
As to Morgado's due process claim, the circuit court's granting of summary judgment was also proper. In Smith v. Board of Education of Urbana School District No. 116 of Champaign County, Illinois, 708 F.2d 258 (7th Cir. 1983), two plaintiffs alleged that the board of education had deprived them of their constitutionally protected property and liberty interests when they failed to be rehired as head coaches of a public high school football and baseball team and were publicly commented on by the board. 708 F.2d at 260. The United States Court of Appeals for the Seventh Circuit held:
The Fourteenth Amendment due process clause does not guarantee a football or baseball coach a job at a public high school even if his teams always win and his players idolize him. The ultimate decision who is the best man to coach a state high school athletic team rests with state school officials, not with the federal courts.
Id. at 261 (emphasis added). The Seventh Circuit further explained:
In Board of Regents [of State Colleges] v. Roth, 408 U.S. 564, 573, 92 S. Ct. 2701, 2707, 33 L. Ed. 2d 548 [(1972),] the Supreme Court acknowledged that "there might be cases in which a State refused to reemploy a person under such circumstances that interests in liberty would be implicated." If the State made public charges against a former employee "that might seriously damage his standing and associations in his community" or that might "impose on him a stigma or other disability that would foreclose his freedom to take advantage of other employment opportunities," then the employee would be entitled to an opportunity to clear his name. Ours is not such a case.
It might be somewhat easier for plaintiffs to find new coaching positions at other schools if potential employers did not know that the school board no longer wants plaintiffs as coaches. But the Constitution did not require that the school board act secretly when it replaced plaintiffs so that they might have an easier time finding new employment. Board of Regents v. Roth, 408 U.S. 564, 578 n. 16, 92 S.Ct. 2701, 2710 n.16, 33 L. Ed. 2d 548. It required only that members of the school board not make public statements so critical of plaintiffs' coaching abilities that it would be virtually impossible for them to find new employment in similar coaching, positions or so critical of their persons that people in their community would no longer want to associate with them. The statements plaintiffs allege are not of these types.
Id. at 265 (brackets in original omitted; emphases added).
Similarly, in Lagos v. Modesto City Schools District, 843 F.2d 347 (9th Cir. 1988), Lagos, a head coach of a public high school baseball team, alleged that a principal, vice principal, and athletic director violated his property and liberty interests when they conspired to deny him renewal of his year-to-year coaching position. Id. at 348, The United States Court of Appeals for the Ninth Circuit held:
Lagos also has no constitutionally recognized liberty interest infringed by the defendants. He has not been stigmatized by his non-renewal; he has not been so burdened that he cannot take advantage of other employment opportunities. Who is a good coach is apt to be the subject of debate. It is no shame to lose one's job in such an argument. We were assured in oral argument that [Lagos's] coaching record was "excellent." We can understand his pain at not being renewed, at not having the continued opportunity to do what he loves to do. But his disappointment is not a loss of that liberty which the Constitution guarantees.
Id. at 350 (citation omitted; emphases added).
We agree with the courts' holdings in Smith and Lagos that the Fourteenth Amendment due process clause does not guarantee a coach a job at a public high school. As the Smith court stated, "[t]he ultimate decision [of] who is the best man to coach a state high school athletic team rests with state school officials, not with the... courts." Smith, 708 F.2d at 261. Where Defendants' decision and comments, which Morgado alleges violated his liberty and property interest, were not "so critical" that his standing and association in his community would be seriously damaged, people in his community would no longer want to associate with him, a stigma or disability foreclosing his freedom to take advantage of other employment opportunities would be imposed on him, or finding employment in similar positions would otherwise be "virtually impossible," the circuit court was not wrong in concluding that no genuine issues of material fact existed as to Morgado's due process claim.[4]
Because we conclude the circuit court was correct in granting Defendants' Motion for Summary Judgment, Morgado's other point on appeal is moot.
Therefore,
The Judgment filed on January 22, 2008 in the Circuit Court of the Fifth Circuit is affirmed.
NOTES
[1] The Honorable Kathleen N.A. Watanabe presided.
[2] Hamada was the Department of Education's Kauai Complex Area Superintendent. Smith, Doi, Vess, Shimabukuro and Matsuoka were, respectively, Principal, Vice-Principal, Vice-Principal, Athletic Director, and Interim Athletic Director of Kauai High School.
[3] Morgado also asserts that his calls to members of his coaching staff about the conditional offer made to him raised a genuine issue of material fact of detrimental reliance. The fact that these calls were made, however, does not constitute evidence of detrimental reliance by Morgado. Cf. Ravelo, 66 Haw. at 199-200, 658 P.2d at 887 (Ravelo and wife quit jobs and made plans to move household).
[4] We do not address Morgado's free speech claim where he fails to cite to anything in the record that establishes that Defendants violated his free speech interests. Hawai`i Rules of Appellate Procedure Rule 28(b)(7).