Carine ARMINDO, Plaintiff,

v.

PADLOCKER, INC., Defendant.

No. 97–7431–CIV.

United States District Court,
S.D. Florida.

Dec. 31, 1998.

David S. Willig, Miami, FL, for plaintiff.

Sherryll M. Dunaj, Miami, FL, for defendant.

### ORDER AND MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY FINAL JUDGMENT

FERGUSON, District Judge.

This cause came before the Court on November 30, 1998 for a pre-trial conference and for hearing upon all pending motions, including Defendant's Motion for Summary Judgment [D.E. 37]. The Court having considered the Motion, opposing memorandum, affidavits, discovery evidence, and argument of counsel, it is adjudged that there remain herein no genuine issues of material fact and that as a matter of law Defendant Padlocker is entitled to judgment in its favor.

*BACKGROUND*

This three count action alleging employment discrimination was filed by Plaintiff Carine Armindo on November 30, 1997 against her former employer Padlocker, Inc., a manufacturing company located in Broward County, Florida. The suit alleges violations of Title VII, 42 U.S.C. § 2000e–2(a)(1) and the Pregnancy Discrimination Act, § 2000e(k), as well as common law claims of intentional and negligent infliction of emotional distress. Plaintiff Armindo's complaint alleges that she was discriminated against on account of her pregnancy when she was terminated in July 1996 from her job as an entry level clerical employee after three months of employment.

The employer Padlocker's answer denies that Plaintiff Armindo was terminated on account of her pregnancy and states that

Armindo was terminated because of her poor attendance, absenteeism, and tardiness.[1]

This court's scheduling order set a pretrial discovery schedule which allowed the parties almost a year to undertake and complete discovery. By terms of the order a due date specified that all dispositive motions were to be filed by November 9, 1998. This action was set for a pre-trial conference on November 30, 1998, where arguments were presented on the pending dispositive motions.

## SUMMARY JUDGMENT STANDARD

A district court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n. 4, 106 S.Ct. 2548, 2552 n. 4, 91 L.Ed.2d 265 (1986). The Supreme Court held that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The nonmoving party must go beyond the pleadings to establish whether specific facts show that a genuine issue exists for trial. *See id.* at 324, 106 S.Ct. at 2553.

In the context of employment discrimination claims where there is an absence of direct discriminatory evidence; the Supreme Court has held that the plaintiff carries the initial burden of proving a *prima facie* case. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817,

1824–1826, 36 L.Ed.2d 668 (1973); *see also Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir.1988), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989) (distinguishing between a "direct evidence" and a *McDonnell Douglas* case). Where the plaintiff meets the initial *prima facie* case burden, the employer is obligated to show some legitimate, non-discriminatory reason for the plaintiff's termination, and thereafter the burden shifts back to the plaintiff to prove that the employer's proffered reason for the termination is pretextual. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. In this Circuit, summary judgment is mandated where the plaintiff fails to make a sufficient showing to rebut the employer defendant's proffered legitimate non-discriminatory reason for the challenged employment action. *See, e.g., Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 596–97 (11th Cir.1987).

## PRIMA FACIE CASE

■ In the context of the Pregnancy Discrimination Act amendments to Title VII, in order to establish a *prima facie* case, plaintiff must prove that 1) she was a member of a protected class, 2) she was qualified for her position, 3) she suffered an adverse effect upon her employment, and 4) she suffered from differential application of work or disciplinary rules. *See Armstrong v. Flowers Hospital Inc.*, 33 F.3d 1308, 1314 (11th Cir.1994). In this action, while Defendant Padlocker has urged that Plaintiff Armindo failed to meet her burden of showing even a *prima facie* case, focusing upon the element of "qualification" for the position. The Court finds it unnecessary to decide whether the Plaintiff has established a *prima facie* case and has met her initial burden as to all elements including qualification.[2] The easier issue, also dispositive, is whether the

---

1. This suit was not brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, nor would that Act have applied to Plaintiff, who was employed by Padlocker for only three months and was not therefore an "eligible employee."

2. Plaintiff moved for partial summary judgment upon this first prong of the *McDonnell Douglas* test. Because of this court's ruling on the Defendant's motion for summary judgment, a ruling on the Plaintiff's partial summary judgment motion is moot.

Plaintiff has carried her burden to overcome the employer's proffer of a legitimate non-discriminatory reason for terminating her employment.

## LEGITIMATE NON–DISCRIMINATORY REASON FOR TERMINATION

■ Under the *McDonnell Douglas* and the *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) analyses, the employer defendant need only articulate a "legitimate non-discriminatory reason for the adverse employment action," a burden which is "exceedingly light." *See Perryman v. Johnson Prod., Inc.*, 698 F.2d 1138, 1142 (11th Cir.1983). Here, defendant Padlocker has demonstrated that it had a legitimate reason, that was not discriminatory, for terminating Plaintiff Armindo after three months of employment. Armindo had a serious absenteeism and tardiness problem. Plaintiff admitted in deposition that in her three months with Padlocker she missed 8 full days of work, worked less than a full day on 6 other work days and was tardy on 3 days. She also conceded in her deposition that she was told when she was hired that she would be a probationary employee for the first three months of her employment.[3] Plaintiff's supervisor Russell Brinkerhoff stated in his affidavit that Plaintiff was told that she would be on probation for the first three months and that during her three months of work she "missed too many full days of work and was often tardy for work" and that she showed no inclination to improve by resolving what he observed to be transportation problems.

The company's employee manual states that excessive absenteeism may subject an employee to discharge and emphasizes that "regular dependable and punctual attendance" is critical to the company's operations.

While Plaintiff argues that there is a dispute as to whether she was warned about her attendance record, there is no showing here that Plaintiff was entitled to any warnings that to keep her job she had to be punctual and regular in attendance. Moreover, Plaintiff does not dispute her poor attendance record and acknowledges that those records were prepared and signed by her.

Ultimately, on July 1, 1996, at the end of her three-month probationary period, Plaintiff's supervisor decided that she should be terminated. The termination report gives the reason for discharge as "absenteeism/lateness" and provides that the company decided "not to extend her permanent employment since she was just completing her probationary period."

## PLAINTIFF HAS NOT SHOWN PRETEXT

Under the *McDonnell Douglas* or *Burdine* analysis, once the employer proffers a legitimate reason for the adverse action, the Plaintiff must demonstrate by a preponderance of the evidence that the employer had a discriminatory intent and that a discriminatory reason more likely than not motivated the employer. *See Perryman* 698 F.2d at 1141. In this case, Plaintiff Armindo has presented no evidence that overcomes the employer's stated nondiscriminatory reason for the adverse employment action by a showing of pretext. Further, Armindo testified that she was aware of no Padlocker employee who was treated differently than her on account of attendance.

## PREGNANCY

While the Plaintiff bases this suit upon a claim that she was discriminated against in

---

3. Plaintiff Armindo had previously worked at Padlocker as a temporary employee through a temporary employment service. At that time, the company was located in Dade County. When Armindo was later hired as a full time employee by Padlocker, the company had moved its location to Broward County. Plaintiff encountered difficulties getting to the Broward County location which hampered her supervisor's ability to function; the supervisor felt that she was not dependable and that she was not aggressive about resolving the transportation problem.

her employment on account of her pregnancy, nothing in the record supports this claim. The evidence shows, in a light most favorable to the plaintiff, that she learned of her pregnancy on or about the date on which she began working for Padlocker in April 1996; the record shows that Plaintiff told her direct supervisor and at least one co-worker of her pregnancy. Plaintiff's only complaint relating to her pregnancy is that one or more of her fellow workers congratulated her and that she surmised that her supervisor may have told some of her co-workers of her pregnancy in violation of what she intended to be a confidential communication.[4]

While Title VII and the Pregnancy Discrimination Act prohibit adverse employment actions *because* an employee is female and pregnant, the law was not designed to prevent an employer from firing a non-performing employee who happens to be pregnant. *See Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 657 (7th Cir.1991) (en banc).

*EMOTIONAL DISTRESS CLAIMS*

The ruling on the Defendant's summary judgment motion obviates a discussion of the Plaintiff's two common law claims of infliction of emotional distress based on the adverse employment action. First there is no cause of action for the negligent infliction of emotional distress. *See Mundy v. Southern Bell Tel. & Tel. Co.*, 676 F.2d 503 (11th Cir.1982) (discussing Florida law on the tort). Moreover, there is absolutely nothing in this record demonstrating the kind of "extreme" or "utterly intolerable" or "outrageous conduct" that is required to support a claim for the intentional infliction of emotional distress. *See id.; see also Patterson v. Downtown Med. & Diagnostic Center*, 866 F.Supp. 1379, 1383 (M.D.Fla.1994) ("The standard for 'outrageous conduct' [in an emotional distress claim] is particularly high in Florida").

*CONCLUSION*

Based on the above application of law to the undisputed facts, the Defendant's Motion for Summary Final Judgment is **GRANTED;** judgment in favor of Defendant Padlocker, Inc. and against Plaintiff Carine Armindo will accordingly be separately entered. All other pending motions not addressed herein are hereby dismissed as moot.

---

4. While Plaintiff testified in her deposition that she told her supervisor that she was pregnant two weeks before she was let go in July, her affidavit states that she told her supervisor that she was pregnant in April 1996 during her first month of employment.